UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                              Case No. 90-80059

v.                                         Hon. George Caram Steeh

RICHARD ALLEN WAKEFIELD,

    Defendant.
_____/

OPINION AND ORDER GRANTING MOTIONS FOR
RECONSIDERATION (DOC. 150) AND FOR
<u>REDUCTION OF SENTENCE (DOC. 145)</u>

Defendant Richard Wakefield moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. Wakefield was convicted in 1990 of conspiracy to possess with intent to distribute and to distribute 48 kilograms of heroin. This drug quantity, along with other adjustments, resulted in an offense level of 43. The sentencing guidelines range, which was mandatory at the time, was life imprisonment. United States District Judge Barbara Hackett sentenced Wakefield to life on November 1, 1990.

Effective November 1, 2014, the U.S. Sentencing Commission amended the Drug Quantity Table at U.S.S.G. § 2D1.1(c) by reducing the

base offense level for drug quantities by two levels. U.S.S.G., Amendment 782. This amendment was made retroactive effective November 1, 2015. U.S.S.G. § 1B1.10(d), (e). As a result of this amendment, Wakefield's base offense level was reduced from 38 to 36. His other adjustments are unchanged, resulting in a total offense level of 42 and a guideline range of 360 months to life.

Because the guideline range was lowered by a retroactive amendment, the court may "reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(1). The court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The parties agree that Wakefield is eligible for a sentence reduction. "If a defendant is eligible for a sentence reduction, then under step two of the inquiry the court must consider the section 3553(a) factors and determine whether, in its discretion, the authorized reduction is warranted under the circumstances." *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)). "When determining whether a defendant should receive a sentence

reduction, the district court must ('shall') consider both the 18 U.S.C. § 3553(a) factors and 'the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment,' and 'may consider post-sentencing conduct of the defendant.'" *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

The court finds that the § 3553(a) factors warrant a reduction in Wakefield's sentence from life imprisonment to 360 months' imprisonment. A sentence of 360 months is substantial and continues to reflect the severity of his offense, promote respect for the law, and provide a just punishment. Such a sentence also provides adequate deterrence to criminal conduct and protects the public from additional crimes by Defendant.

Wakefield's personal characteristics and post-sentencing conduct further illustrate that a sentence reduction is appropriate. Wakefield is 73 years old and has spent almost 29 years in prison. He suffers from health problems, including arthritis and knee issues, and walks with the assistance of a cane. He earned his GED in prison and has completed hundreds of hours of classes and programming, including learning computer and business skills. He works as an orderly, caring for sick and elderly inmates.

His record reflects no disciplinary infractions over the past three decades.[1] His good behavior has allowed him to be housed at a medium security facility even though the severity of his offense and time remaining would otherwise place him at a high security facility. Wakefield has maintained his relationship with his family, including his wife of over 50 years, children, and grandchildren, who have submitted letters to the court in his support. ECF No. 158-1. Under the circumstances, the court finds that a reduction in Wakefield's sentence would not pose a danger to the community.[2]

A sentence reduction is also consistent with the Sentencing Commission's policy statements. If Wakefield were sentenced today, the guideline range would be 360 months to life, rather than the mandatory life sentence he received. *See United States v. Chambers*, 2018 WL 4346909 at *1-2 (E.D. Mich. Sept. 12, 2018) (reducing life sentence to 360 months based upon Amendment 782, § 3553(a), and applicable policy statement).

For these reasons, IT IS HEREBY ORDERED that Defendant's motion for reconsideration (Doc. 150) and motion for reduction of sentence

---

[1] In a supplemental filing, Wakefield noted that although his records do not reflect any disciplinary action, he did receive infractions during his first eight years in prison. ECF No. 158. The court appreciates Wakefield's candor and finds that his excellent record over the most recent twenty years outweighs any early infractions.

[2] The court has carefully considered Judge Hackett's opinion that, as a drug trafficker, Wakefield posed a danger to the community at the time of sentencing. However, changed circumstances, such as Wakefield's post-sentencing conduct, advanced age, and health problems, have significantly diminished these public safety concerns.

(Doc. 145) are GRANTED. The court imposes an amended sentence of 360 months' imprisonment and will issue an order effectuating the sentence reduction.

Date: September 10, 2019					s/George Caram Steeh
							George Caram Steeh
							United States District Judge